UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARIME SANTOS O/B/O G.R.,

        Plaintiff,

-vs-                                       Case No.  6:13-cv-1332-Orl-DAB

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Supplemental Security Income under the Social Security Act.   For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

# Procedural History

Plaintiff, on behalf of her daughter, the minor child (herein called "claimant," "the child," or "the minor"), applied for Supplemental Security Income, alleging that the minor was disabled.  The agency denied Plaintiff's application initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ").  The ALJ issued an unfavorable decision, finding the claimant to be not disabled since September 24, 2010, the date the application was filed (R. 19-315).  The Appeals Council declined to grant review (R. 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.  The matter has been fully briefed and

the case is now ripe for review pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Nature of Claimed Disability

Plaintiff, on behalf of the minor, alleged childhood disability beginning on September 23, 2010, due to attention deficit hyperactivity disorder ("ADHD") and oppositional defiant disorder ("ODD"), resulting in problems concentrating and being aggressive to others (R. 145).

*Summary of Evidence Before the ALJ*

The minor was nine years old on the date of application (R. 124), a school age child in regular classes in public school.

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the minor's medical records, the record includes Plaintiff's testimony, testimony of the minor, school reports and records, and opinions from several non-examining consultants. By way of summary, the ALJ determined that the minor "has the following severe impairments: attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder (ODD), asthma and primary insomnia (20 CFR 416.924(c))" (R. 25), but "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926)" (R. 25). The ALJ then determined that the minor does not have an impairment or combination of impairments that functionally equals the listings, considering the six domains of function applicable to review of childhood disability applicants (R. 26-35), and was therefore not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings

are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

An individual under the age of 18 shall be considered disabled if she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  *See* 42 U.S.C. § 1382c(a)(3)(C)(i). As explained by the ALJ in her decision (R. 18-20), the Social Security Administration has established a three-step sequential evaluation process to determine whether an individual under the age of 18 is disabled.  At step one, the child must show that he or she is not engaged in substantial gainful activity;  at step two, there must be a showing that the claimant has a medically determinable "severe" impairment or a combination of impairments that is "severe;" and at step three, a showing that his or her impairment

or combination of impairments is of listing-level severity, that is, the impairment(s) meets, medically equals, or functionally equals the severity of an impairment in the listings. *See* 20 C.F.R. § 416.924 (2012).

Evaluation of whether a child meets or *medically* equals a listing uses the same analysis as used for other claimants. *See* 20 C.F.R. § 416.926 (2012).  Whether a child *functionally* equals a listing involves evaluation in terms of six domains: (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and (vi) Health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If a child has "marked" limitations in two domains or an "extreme" limitation in one domain, the child impairment(s) is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a(d). Regulations provide that a minor has a "marked" limitation in a domain "when [his] impairment(s) interferes seriously with [his] ability to independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(2).

Here, the ALJ found that the minor had severe impairments, but determined that her impairments did not meet or medically equal any listed impairment (R. 25).  Plaintiff does not appear to challenge this finding in her brief.  Rather, Plaintiff challenges the ALJ's conclusion that the minor's impairments did not satisfy the functional equivalent of a childhood listing.  Plaintiff contends that the ALJ's findings that the minor has less than marked limitations in the domains of acquiring and using information, attending and completing tasks, interacting and relating to others, and caring for yourself, are not based on substantial evidence and failed to give proper weight to the opinions of the minor's psychiatrist, therapist, teachers, and mother. The Court finds that the evidence cited was addressed *and* considered by the ALJ, and the ultimate administrative decision is supported by substantial evidence.

*The Domain of Acquiring and Using Information*

-4-

The ALJ held that the minor had a less than marked limitation in the domain of Acquiring and Using Information (R. 30). This domain involves how well children perceive, think about, remember, and use information in all settings, which include daily activities at home, at school, and in the community. 20 C.F.R. 416.926a(g) and SSR 09-3p.  In so finding, the ALJ noted:

> The claimant has repeated two grades. However, testing revealed no specific learning disability and she is not in special education classes. She was reading below grade level. However, her teacher reported significant improvement in reading and her grades this year are good.

(R. 30).

This finding is supported by the substantial evidence cited.  *See* R. 325, R. 335 (report card noting mostly B's and C's, as well as comments that the minor "made great improvement with reading assignments" and "has done a great job memorizing the multiplication facts each week"), R. 169 (the child's fourth grade teacher evaluated the child's abilities in this domain as a slight to obvious problem; but not a serious or very serious problem).

Plaintiff concedes, as she must, that her child has "made progress" in this domain  (Brief, p. 13).  She contends, however, that the ALJ must evaluate the child compared to other children, and asserts that this finding contradicts opinions from Dr. Andrews (the child's psychiatrist) and other teachers.

Plaintiff states that Dr. Andrews opined that the child's ADHD and mood disorder "reduced efficiency in school work" (R. 336), and the ALJ "never discussed" this opinion. This characterization, however, is misleading.  The ALJ referenced and discussed Dr. Andrew's treatment notes (Exhibit 5F, 11F, R. 25, 27-28), but this statement is not found in those notes.  Rather, in a physician's statement provided to the *school*, Dr. Andrews noted that the minor's impairment *could* adversely affect her performance in reducing efficiency in schoolwork (R. 336).  To the extent this is an opinion, the ALJ referenced the school records containing this exhibit (Exhibit 12F, R. 28) and

fully evaluated the minor's *actual* efficiency in school work. Plaintiff has failed to identify evidence that was not adequately considered by the ALJ.

Plaintiff's citation to opinions of other teachers or administrators is unavailing.  The ALJ noted the opinions of Ms. Nicolette, Ms. Moyers and administrator Mr. Svendsen, but gave them little or limited weight (R. 29-30).  As the ALJ listed reasons for discounting these opinions,[1] and those reasons are supported by substantial evidence,[2] no error is shown.

*The Domain of Attending and Completing Tasks*

This domain considers how well a child is able to focus and maintain attention, and how well she is able to begin, carry through, and finish activities, including the mental pace at which she performs activities and the ease of changing activities (R. 31, 20 C.F.R. § 416.926a(h)).  The ALJ found that the child had a less than marked limitation in attending and completing tasks, noting:

> The mental status examination reflects some distractibility. However, the claimant is significantly improved with medication. Although the child needs help staying on task, there is no compelling indication of marked limitation in this domain.

(R. 31).

Plaintiff does not dispute that the mental status examinations were mostly benign, nor does she contest the finding that the child is significantly improved with medication.  Instead, she claims that she "never said that while on medication Plaintiff could now function like a child of the same age without an impairment" (Brief, p. 20), and points to other record evidence that showed that the child

---

[1] The ALJ determined that Ms. Nicolette's opinion lacked adequate support and found it to be inconsistent with the evidence of record viewed in its entirety (R. 29).  The ALJ also noted that she spent only about a half hour to an hour a day with the minor, making it unclear to what degree she observed the minor interacting with others. *Id.* Ms. Moyers opinion was also deemed to be inconsistent with the evidence of record. *Id.* Mr. Svendsen's connection with the minor was unspecified, noting "Mr. Svendsen provides no information regarding the length or frequency of his treating relationship with the claimant or whether he had direct knowledge of the state of the claimant's condition. In addition, his opinion lacks adequate explanation or supporting documentation or findings, and is inconsistent with the evidence as a whole." (R. 30).

[2] In addition to the child's report card and the evaluation of her fourth grade teacher, Ms. Griffin, the ALJ noted that the Plaintiff reported that the minor's medication was very effective in improving her concentration and that the child enjoys working on 500-1000 piece puzzles (R. 27); treatment notes from the treating physician state that the child likes school, is learning and making good grades (R. 27, R. 350 – doing fine on meds, no current school problems, "parents are happy with pt's learning, teacher is happy with pt's learning"); and Plaintiff reported that her child was doing "well in school" to the child's counselor (R. 27, 370).

gives up easily and requires assistance. The standard, however, is not whether the child has *any* impairment in this area. The ALJ found, and the record supports, that she does. At issue is whether the ALJ's finding that the impairment in this domain was less than marked is supported by substantial evidence.

In challenging this conclusion, it appears that Plaintiff is simply pointing to portions of the record as being supportive of another ultimate conclusion. This, however, is not the task of the Court. It is the task of the ALJ to consider the evidence, which is rarely unanimous, and set forth a reasoned basis for his or her conclusions. The ALJ has done so here. As that rationale is supported by record evidence,[3] no error is shown.

*The Domain of Interacting and Relating to Others*

Plaintiff next challenges the ALJ's finding that Plaintiff had "less than marked limitation" in the domain of interacting and relating with others. *See* 20 C.F.R. § 416.926a(i). The ALJ determined:

> The claimant has less than marked limitation in interacting and relating with others. The claimant's mother testified at the hearing that the claimant is impulsive, violent, undisciplined, has no friends and has a poor attitude. However, in September 2010 and again in April 2011, the claimant's mother indicated in the function report that the claimant has friends her own age, can make new friends, generally gets along with schoolteachers and plays team sports (Exhibit IE &l3E). Although a teacher questionnaire indicated serious problems in this area, there is no evidence of suspensions or required participation in behavior modification. In addition, the claimant testified at the hearing that she has friends.

(R. 32).

---

[3]*See, e.g.,* the mental status examination at R. 246, which reads: "Mental Status Examination: [the child] is an alert, orientated, very cooperative, pleasant, beautiful child. No auditory or visual hallucinations. No desire to harm self or others. Insight and judgment is age and I.Q. appropriate. Memory and intellect are unchanged. She is dressed neatly and appropriately."

Other records discussed by the ALJ also support the conclusion reached. The child's fourth grade teacher reported in February 2011 that she had some limitations in attending and completing tasks, but she characterized the problem as a "slight to obvious" problem and not a "serious" problem (R. 169-170). Jimmy Jamison, M.D., state agency medical consultant, reviewed the medical evidence and determined that the child's impairments were severe, but did not functionally equal a listing (R. 303-308, discussed by the ALJ at R. 28). Dr. Weber, State agency medical consultant, reviewed the medical evidence of record in November 2010 and determined the child had less than marked limitation in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, and self care (R. 28, 239-244). State agency medical consultant, Dr. Levasseur, reviewed the medical evidence of record upon reconsideration in February 2011. He agreed with the findings of Dr. Weber that although the child's impairments were severe, they did not meet a listing. Like Dr. Weber, he found less than marked limitation in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, and self care (R. 273-278, 28). The ALJ gave significant weight to these opinions (R. 28, 29).

All of the identified reasons find support in the record.[4]  Again, the fact that other evidence, if credited (including Plaintiff's reports that the child's impairments "affect her behavior with other people" (Brief at p. 22) could support a different conclusion, is of no moment.  The ALJ did not err in crediting the evidence cited and, as it is substantial, the conclusion is adequately supported.

*The Domain of Caring for Yourself*

As noted by the ALJ, this domain considers how well a child maintains a healthy emotional and physical state, including how well a child satisfies her physical and emotional wants and needs in appropriate ways. This includes how the child copes with stress and changes in the environment and how well the child takes care of her own health, possessions, and living area (20 CFR 416.926a(k) and SSR 09-7p) (R. 33).  The ALJ found that the child had "less than marked limitation" in the domain of caring for yourself (R. 34). The ALJ stated that the record reflects "only slight problems" in this domain (R. 34), noting that the child is forgetful, but this is not uncommon for children of this age, particularly those with ADHD *Id.* Further, though the child has asthma, the ALJ determined that the medical evidence does not indicate wheezing, hospital admissions or frequent exacerbation.  *Id.* As with the above domains, substantial evidence supports these findings.

In her objection, Plaintiff contends that the ALJ "fails to consider the emotional issues Dr. Andrews, Plaintiff's teachers, and Plaintiff's mother identified under this domain."  In support, Plaintiff cites to the reports of Ms. Nicolette and Ms Moyers, the opinion of Mr. Svendsen, and the report of Plaintiff that the child's condition "affected the whole family at home as well." (Brief, p. 25). As set forth in the administrative decision, however, the ALJ considered all of the cited reports and discounted them.  *See* R. 27 (discussing the mother's allegations and finding them to be "not fully

---

[4]In addition to the exhibits cited by the ALJ, see R. 350 (treating physician notes include child "has many friends very social" "gets along with parents gets along with siblings"); the child testified that she likes school (R. 42) and has friends (R. 46), mental status examinations showed Plaintiff to be friendly and cooperative, and no behavior modification or suspensions are noted in the school records.

credible"); R. 29-30 (evaluating the opinions of Ms. Nicolette, Ms. Moyers, Mr. Svendsen and assigning them limited or little weight).  As the credibility findings and the decision to discount the opinions are supported by substantial evidence, no error is shown.

A final note is in order.  The Court is sympathetic to the obvious challenges and difficult circumstances the minor and her family are facing.  Supplemental Security Income, however, is a program designed for only those who meet the legal definition of disability (as well as certain income standards).  The Commissioner has determined that the minor does not meet that definition, and that determination was made in accordance with law and is supported by substantial evidence.   "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted).

## Conclusion

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence.  It is therefore **AFFIRMED.**  The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on October 9, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record